## Wall v. Commonwealth.

(Decided May 8, 1928.)

### Appeal from Casey Circuit Court.

Criminal Law.—Under Criminal Code of Practice, sec. 334, defining appellate jurisdiction of Court of Appeals in felony cases, and section 336, requiring record to be filed in appellate court within 60 days after bill of exceptions is made part of record, where record on appeal from conviction for stealing chickens did not show when bill of exceptions and bill of evidence were approved by trial judge, and circuit clerk's cretificate to record bore date of June 14, and record reached appellate court September 10 following, appeal must be dismissed for delay in filing record, there being no order extending time.

C. C. BAGBY and CHARLES FAIR for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Dismissing appeal.

At the October term, 1925, of the Casey circuit court the grand jury returned an indictment against the appellant, Bettie Wall, and her brother, Martin Austin, charging them with the crime of stealing chickens. We have nothing to guide us as to the time when any future proceedings in the case took place. The appellant was tried jointly with her brother, and the jury returned a verdict of guilty and fixed the punishment of each at two years' confinement in the state penitentiary. There was nothing to indicate when the trial took place. We find with the papers in the record a certificate of the clerk in which he certified that appellant was convicted on the 9th day of October, 1925, and that other orders were taken at the terms following the trial. The indictment was returned on the 9th day of October, 1925, and if the certificate of the clerk which we find lodged with the record is correct she was tried on the day the indictment was returned. What purports to be a copy of the motion and grounds for a new trial is in the record, but there is nothing to indicate when the motion was filed or entered. The same is true as to the order overruling the motion and grounds for a new trial which is copied in the record. Neither is there anything to indicate when the judgment was entered. There is an order showing that the bill of exceptions together with the bill of evidence was tendered on

the 3rd day of some term of the court, and that they were approved by the judge, but there is nothing to indicate at what term the bills were tendered and approved. There is an order showing that the motion and grounds for a new trial were overruled, and appellant was given until the 3rd day of next term to prepare and file bill of exceptions, but the record is silent as to when this order was entered. There is another order showing that appellant was given until the 1st day of the June term of court to file bill of exceptions, but the year is not given. There is another order showing that on motion of the commonwealth the appellant was given until the 3rd day of the October term of court to file a bill of exceptions; but the year is not given. The bill of exceptions shows that the trial took place at the June term, 1925, of the Casey circuit court, and if that be true the trial took place in June preceding the return of the indictments by the grand jury in the following October. The evidence contained in the transcript shows that the larceny took place on the 12th day of August in the year in which the trial was held, which would indicate that appellant was tried a month and a half before the date of the larceny. The only bit of evidence which would indicate the date of the larceny is the date of the check given in payment of the chickens alleged to have been stolen. This check bears date August 13, 1925.

The certificate attached to the bill of evidence, signed by Ira L. Pitman, not otherwise identified, bears date August 31, 1926. It was approved by the circuit judge, but the date of the approval does not appear thereon. The certificate of the circuit clerk is to the effect that the record contains a true and correct copy of the orders and the transcript of evidence. This certificate was made June 14, 1927. The record reached this court September 10, 1927.

There can be no excuse or justification for the condition in which we find this record. It would have been an easy matter for the clerk to have included the date on which orders and motions were entered. Some one discovered the condition of the record, and apparently requested information from the clerk as to the omitted dates and terms, and in response to that request the clerk, under his seal on September 24, 1927, forwarded a certificate filed by the clerk of this court on September 26, 1927, in which he certified that the trial took place on October 9, 1925, although the purported bill of exceptions

shows that it took place in June, 1925. The clerk also certified that all orders found in the record were taken at the terms following the October term up until the appeal was completed and the record certified and given to counsel for appellant. As about two years expired after the trial before the record reached this court there must have been at least five terms of court after the trial, but the clerk did not deem it of sufficient importance to find out the date on which, or the term at which, orders were made and entered. The entire record seems to indicate that it was made up from memory, and the bill of evidence which shows that the trial took place some months before the indictment was returned must, at least in part, have been prepared from memory.

We do not know whether motion and grounds for a new trial were prepared within the time allowed by section 273 of the Criminal Code, which provides that the motion must be made at the same term at which the verdict is rendered unless the judgment be postponed to another term. We do not know whether the bill of exceptions and the bill of evidence were prepared and tendered within the time allowed by the provisions of sections 333 to 339, Civil Code of Practice.

This court by the provisions of section 334 of the criminal Code has appellate jurisdiction in prosecutions for felonies subject to the restrictions contained in title 9, c. 1, article 1 of the Criminal Code of Practice, embracing sections 334 to 346, inclusive. One of the restrictions is found in section 336 of the Criminal Code, and that is the record must be filed in this court within 60 days after the bill of exceptions is made a part of the record else this court has no jurisdiction. A consideration of this confused and inexplicable record leaves us uncertain as to everything except the fact that it was not filed in this court within 60 days after the bill of exceptions and bill of evidence were approved by the circuit judge. It may not have been filed within two years thereafter, and again it may have been filed within about 90 days thereafter, but it is certain that the last thing that happened in the lower court was the making of the certificate by the clerk to what he is pleased to call the record, and that bears date June 14, 1927. The time for filing the record in this court was not extended by any order of this court. We have no jurisdiction of this appeal, if it be an appeal.

Appeal dismissed.